**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

KIMBERLY STEEFEL,

                Plaintiff,

                v.

BALLARD SPAHR LLP
and BRIAN PINHEIRO, individually,

                Defendants.

Case No.: 1:25-cv-02885-LAP/KHP

## STIPULATION AND PROTECTIVE ORDER OF CONFIDENTIALITY

**IT IS HEREBY STIPULATED AND AGREED**, by and among counsel for the parties as follows:

1.     This Stipulation and Protective Order of Confidentiality ("Order") shall apply to any documents or information that plaintiff, Kimberly Steefel, ("Steefel" or "Plaintiff") or defendants Ballard Spahr LLP (the "Firm") and Brian Pinheiro ("Pinheiro") (together, the "Defendants" and with Plaintiff, the "Parties") provide during discovery in this action (the "Action") and designate as confidential ("Confidential Material"). This Order also shall apply to Confidential Material used or revealed during a deposition or in answers to interrogatories or at a hearing or trial or other proceeding. It is agreed and understood by the Parties hereto that such documents and/or information may contain highly confidential and/or proprietary information.

2.     All materials designated as Confidential Material shall be clearly marked "CONFIDENTIAL." As to depositions upon oral examination, if any counsel so states at the deposition, the testimony of the witness shall be deemed designated "Confidential" until the expiration of thirty (30) calendar days after the receipt by counsel of the record of the transcript of the deposition. The deposition transcript may only be shown to the persons specified in paragraph

4 below during the thirty (30) calendar day period, and if counsel of record believes that the deposition transcript or portions thereof constitutes Confidential Material, counsel shall designate in writing to other counsel of record within that thirty-day period the specific pages and lines constituting such Confidential Material.

3.    In lieu of marking the originals of documents, the Parties may mark the copies that are produced or exchanged.

4.    "CONFIDENTIAL" shall mean and include all attorney work product, trade secrets, confidential, proprietary, non-public, private, business, commercial, personal health information, personal confidential information, and/or financial information of the Firm, or other information the disclosure of which may cause competitive harm or emotional or physical distress to the Producing Party. Confidential Material may be a document, information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory response, or information otherwise revealed. The Producing Party is not required nor obligated to waive any privilege in connection with the production of Confidential Material.

5.    Materials marked "CONFIDENTIAL" pursuant hereto and their contents shall be used solely for purposes of the Action and not for any other purpose, and shall not be disseminated by the Parties or their attorneys in any manner, orally or in written form, to anyone other than:

a.    Counsel of record for the Parties in this case, and the paralegal, clerical and support staffs employed by such counsel to the extent necessary to render professional services in this Action;

b.    The Parties;

c.    Experts and consultants retained by counsel in connection with this Action, who are assisting counsel in the prosecution or defense of this Action;

d.      Any court reporter present in his or her official capacity at any hearing, deposition or other proceeding in this Action;

e.      Subpoenaed witnesses and witnesses noticed for deposition, so long as any subpoenaed or noticed witness has been identified in discovery as a person with knowledge of relevant facts;

f.      Subject to Paragraph 8 setting forth procedures for filings made under seal with the Court, the Court, any mediator in mediation for the Action, any Special Masters or other Court personnel; and

g.      Commercial copying services or e-discovery firms.

6.      All records containing medical information provided by either party or by a third party shall also be covered by this Order and be deemed "CONFIDENTIAL." This Order does not substitute for or limit any obligation imposed on all parties by HIPAA.

7.      Counsel for the Parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." If counsel disagree as to the designation, the issue shall be presented to the Court as set forth in Paragraph 10.

8.      Prior to disclosure by the Parties or their attorneys of any Confidential Material to any person or entity referred to in paragraphs 4(c) or 4(g) of this Order, counsel shall provide such person or entity with a copy of this Order and that person must agree to be bound by its terms and shall sign a declaration in the form annexed hereto as Exhibit A.

9.      No document or information actually comprising or containing Confidential Material shall be filed in any court until the party who designated same as "CONFIDENTIAL" is given sufficient opportunity to file such Confidential Material under seal in accordance with the Court's Individual Rules of Practice. No documents or information filed under seal shall be made

available to third parties or the public, except by further order of this Court or in accordance with the terms of this Order.

10.     All Confidential Material shall be used solely for the purpose of the prosecution or defense of this Action, including any appeals or retrials. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information that is otherwise publicly available.

11.     The Parties may object to the designation of any document or information as "CONFIDENTIAL" by presenting a motion to the Court for an *in camera* inspection and/or a determination regarding confidentiality. Any documents or information that are designated as Confidential Material shall be treated as such unless and until the Court rules that such materials are not confidential. The burden of establishing confidentiality remains at all times on the party asserting confidentiality.

12.     Any party may designate deposition testimony or any portion of deposition testimony as "CONFIDENTIAL" by advising the reporter and counsel of such designation during the course of the deposition, or in writing to counsel for all parties within 30 days of the receipt of the deposition transcript. During the interim 30-day period, transcripts will be treated as "CONFIDENTIAL" under the terms of this Order.

13.     This Order shall not: (a) prejudice in any way the right of a party to object to the production of documents or information it considers not subject to discovery; (b) prejudice in any way the right of a party to seek a court determination of whether particular discovery material should be produced; (c) prejudice in any way the right of a party to object to the introduction into evidence of any documents or information it considers inadmissible; or (d) prejudice in any way a

party's right to use its own documents or information, which may or may not have been designated by a party as "CONFIDENTIAL," in any manner without consent of the opposing party or Court.

14.    Any person in possession of Confidential Material disseminated by the Parties or their attorneys shall maintain it in a secure manner so as to avoid disclosure of its contents.

15.    Within sixty (60) days of the final termination of this Action, whether by settlement, dismissal, or other final disposition, all Confidential Material produced or designated and all reproductions thereof, shall be returned to the designating party or shall be destroyed, at the option of the receiving party.  In the event that the receiving party decides to destroy Confidential Material, the receiving party shall so certify in writing to the designating party that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge.  Notwithstanding anything to the contrary, attorneys of record for the parties to this action may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts, and deposition and trial exhibits.

16.    This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential Material is produced or disclosed.

17.    This Order shall be, and is hereby, adopted by the undersigned, as an Order of this Court, submitted to the Court for signature, which shall be effective *nunc pro tunc* to the date hereof.

18.    If a Producing Party discovers that it has inadvertently produced information and/or documents that are subject to attorney-client privilege, the work-product doctrine, or any other legal privilege protecting information from discovery, the Producing Party shall notify the

-5-

-6-

receiving party within a reasonable time of the discovery of the error. The receiving Party shall return all copies of the information or documents to the Producing Party and destroy any work product reflecting the contents of such materials within ten (10) days of receipt of such notice. No use shall be made of such information or documents during depositions or at trial, nor shall they be disclosed to anyone who was not given access to them prior to the request to return and destroy them. However, within ten (10) days of receipt of such notice, if the receiving Party wishes to challenge the Producing Party's assertion of privilege, the receiving Party may, with notice to the Producing Party, provide the Court with one copy of the disputed privileged material for *in camera* review, together with an explanation as to why the document should not be deemed privileged. The Producing Party shall then have ten (10) days to make a submission to the Court regarding why the disputed privileged material should be considered privileged. The fact that such privileged documents are produced, inadvertently or otherwise, shall not be construed as waiver of any applicable attorney-client privilege or the work product doctrine.  However, the disclosing party retains the burden of establishing the privileged or protected nature of any inadvertently disclosed information.

19.    Nothing in this Stipulation and Protective Order shall be construed to limit the Producing Party's use of its own Confidential Materials in any manner.

**SO STIPULATED.**

-7-

Dated:    New York, New York
          January 28, 2026

REAVIS PAGE JUMP LLP                          SEYFARTH SHAW LLP

By: _/s/ Ethan M. Krasnoo_____                By: ___/s/ Bernard D. Olshansky____
    Ethan M. Krasnoo, Esq.                        Courtney S. Stieber, Esq.
    Alice K. Jump, Esq.                           Bernard D. Olshansky, Esq.
    Hannah R. Brefeld, Esq.                   620 Eighth Avenue
41 Madison Avenue                             New York, New York 10018
New York, New York 10010                      Tel.: (212) 218-5500
Tel.: (212) 763-4100                          Fax: (212) 218-5526
Fax: (212) 763-4141                           cstieber@seyfarth.com
ekrasnoo@rpjlaw.com                           bolshansky@seyfarth.com
ajump@rpjlaw.com
hbrefeld@rpjlaw.com

_Attorneys for Plaintiff_                     _Attorneys for Defendants_
_Kimberly Steefel_                            _Ballard Spahr LLP and Brian Pinheiro_

                                              **SO ORDERED.**

Jan. 29, 2026

                                              LORETTA A. PRESKA
                                              Senior United States District Judge

-7-

## EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KIMBERLY STEEFEL,<br><br>    Plaintiff,<br><br>     v.<br><br>BALLARD SPAHR LLP<br>and BRIAN PINHEIRO, individually,<br><br>    Defendants. | Case No.: 1:25-cv-02885-LAP/KHP |

## SUBSCRIPTION AND ADHERENCE TO THE STIPULATION
## AND PROTECTIVE ORDER OF CONFIDENTIALITY

The undersigned hereby declares that (he)(she) has read and understands the Stipulation and Protective Order of Confidentiality ("Order") entered in the above captioned proceedings and that (he)(she) will adhere to and abide by all of the provisions of said Order with respect to all confidential information (he)(she) receives thereunder.

Dated: _____

_____

SIGNATURE

_____

PRINT NAME AND TITLE

-8-