**Seyfarth**

**Seyfarth Shaw LLP**

620 Eighth Avenue

New York, New York  10018

**T** (212) 218-5500

**F** (212) 218-5526

cstieber@seyfarth.com

T (212) 218-3382

www.seyfarth.com

June 4, 2026

Hon. Loretta A. Preska
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:  ***Steefel v. Ballard Spahr LLP, et al., U.S.D.C. S.D.N.Y.***
     **Case No 1:25-cv-02885-LAP**

Dear Judge Preska:

On behalf of Defendants Ballard Spahr LLP and Brian Pinheiro ("Defendants") in the above-referenced matter, we write jointly with Plaintiff Kimberly Steefel ("Plaintiff") (together "the Parties") to respectfully request a 60-day extension of the fact discovery end date to August 25, 2026, along with corresponding extensions of the remaining scheduled dates provided for in the current effective Scheduling Order. (ECF No. 26) Fact discovery is currently set to conclude on June 26, 2026. A revised proposed scheduling order accompanies this letter.[1]

To date, the Parties have engaged productively in discovery. As Plaintiff was a former attorney at Ballard Spahr, and as the attorney-client privilege rests with Ballard Spahr's clients, the production of ESI materials was complicated by the need to preserve attorney-client privilege of the matters on which Plaintiff worked, while still producing responsive materials. Defendants produced responsive, non-privileged documents and depositions moved forward.  Defendant has completed Plaintiff's deposition and Plaintiff has completed the depositions of Defendant, Mr. Pinheiro, and John DiBattista, Chief Human Resources Officer.

From those depositions, it became apparent that some additional discovery is needed, which the parties are working on.  Additionally, the parties anticipate that several other depositions need to occur prior to the close of fact discovery. Plaintiff has noticed one additional defense deposition and the parties are making efforts to schedule the deposition at a mutually agreeable time, and Defendant has subpoenaed Plaintiff's medical providers, one of which is not available on a mutually agreeable date prior to the close of discovery. The parties are also working through several alleged document production deficiencies in an effort to resolve such matters and hopefully obviate the need to bring the matters before the Court. For these reasons, the

---

[1] Included with this letter are (1) a redlined revised proposed scheduling order, showing the changes to the dates; and (2) a clean version of the revised proposed scheduling order.

{02580195; 1}326281356v.3

 **Seyfarth**

parties jointly believe a 60-day extension of fact discovery is necessary. This is the first request for a discovery extension.

The Parties make this request in good faith, and not for purposes of delay, to account for and provide sufficient time for the foregoing matters. The Parties thank the Court for its kind consideration of this request.

Very truly yours,

SEYFARTH SHAW LLP

*/s/ Courtney Stieber*
Courtney Stieber
Bernard Olshansky


cc: Ethan Krasnoo, Alice Jump, Hannah Brefeld

{02580195; 1}326281356v.3